# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAJIVE CHADHA, and PUJA CHADHA, | ) <br> ) No. 12 C 4204 <br> ) <br> ) <br> ) Judge John J. Tharp, Jr. <br> ) <br> ) <br> ) <br> ) |
| Plaintiffs, | |
| v. | |
| PARAMJIT CHOPRA, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Rajive and Puja Chadha (the "Chadhas") bring a three-count cause of action against defendant Paramjit Chopra alleging that Chopra violated the Stored Communications Act, 18 U.S.C. § 2701 et seq. (the "SCA"), and committed defamation *per se* in two separate instances. Chopra moves to dismiss only the SCA claim, which is Count I of the Chadhas' complaint. For the reasons stated below, Count I states a plausible claim for violation of the SCA, and Chopra's motion to dismiss is denied.

## FACTS[1]

The Chadhas allege that Chopra, covertly and without authorization, obtained the username and password to Puja Chadha's email account at hotmail.com ("Puja's Hotmail Account"). He used the username and password to log in to Puja's Hotmail Account, and after logging in he accessed emails stored within the account to obtain the identity and email addresses of several of the Chadhas' close friends, family members, social

---

[1] The Court accepts the Chadhas' factual allegations as true for the purposes of Chopra's Rule 12(b)(6) motion. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

1

acquaintances, and professional contacts. The Chadhas further allege that Chopra opened an email account at yahoo.com using the fake name "Anjali Gupta" (the "Anjali Account"). On June 1, 2011, Chopra sent from the Anjali Account an email to two of the Chadhas' friends making false statements accusing Rajive Chadha of, among other things, fornication, adultery, and illicit and immoral sexual practices. On June 9, 2011, Chopra "blind-copied" the previously-sent email to at least twenty more of the Chadhas' close friends, family members, social acquaintances, and professional contacts. The Chadhas allege that Chopra obtained the email address of each individual to whom he sent the emails by his unauthorized access to Puja's Hotmail Account email inbox.

Chopra attempted to mask his identity as the sender of the allegedly defamatory emails by creating a web of anonymous email accounts on several different computers registered to Midwest Institute for Minimally Invasive Therapies, P.C. ("Midwest"), a company that Chopra owns. The Chadhas were only able to determine that Chopra was the individual sending the allegedly defamatory emails by filing a series of petitions for pretrial discovery in Illinois state court, and they incurred substantial cost in conducting their investigation.

## DISCUSSION

The SCA states that "whoever—(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; . . . and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section." 18 U.S.C. § 2701(a).

Chopra raises four arguments for why the Chopras' SCA claim should be dismissed. First, Chopra argues that the Chadhas failed to adequately allege that he acted

intentionally. Second, he argues that the complaint does not adequately allege that Chopra personally accessed Puja's Hotmail Account. Third, he argues that the Chadhas have not alleged that he obtained, altered, or prevented access to electronically stored communications. Fourth and finally, he argues that the Chadhas failed to allege actual damages. The Court rejects each of Chopra's arguments and finds that the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## I. The Chadhas Adequately Allege that Chopra Acted Intentionally.

Chopra argues that the Chadhas failed to adequately allege that Chopra acted intentionally in obtaining emails from Puja's Hotmail Account. This argument is patently frivolous.[2] As an initial matter, the Chadhas directly allege that Chopra acted intentionally, Cmplt. ¶ 33 ("Chopra intentionally obtained access [to Puja's Hotmail Account] and opened and read emails stored in its inbox"), and also allege specific facts which, if true, clearly show that Chopra's actions were intentional, Cmplt. ¶¶ 13-15. Further, Chopra does not suggest, and the Court cannot conceive of, any possible way that Chopra might have *unintentionally* (1) obtained the username and password for Puja's Hotmail Account; (2) used that information to log into the account; and (3)

---

[2] Counsel for Chopra are reminded of their responsibility to certify that their "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Chopra's first two arguments for dismissal (discussed in Sections I and II of this Order) are clearly not warranted by existing law, and it is difficult to divine any nonfrivolous argument for modifying the law in order to accept them. Though the arguments at least border on sanctionable, the Court will not impose sanctions at this time.

3

accessed emails in the account's inbox to obtain email addresses. The complaint describes conduct that is almost certainly the product of intentional conduct, so Chopra's claim that the Chadhas' allegation of intent is not an "unsupported factual conclusion" lacks any merit whatsoever.

## II. The Chadhas Adequately Allege that Chopra Personally Accessed Puja's Hotmail Account.

Chopra next argues that "there are no factual allegations that would show that Dr. Chopra, himself, accessed Puja's email account." MTD at 5. Again, not so. The Chadhas allege that "*Chopra* obtained the username and password for Puja's Hotmail Account," "*Chopra* then used the username and password to log in to Puja's Hotmail Account," and "*Chopra* accessed emails in the inbox." Cmplt. ¶¶13-15 (emphasis added); *see also id.* at ¶¶ 32-34. These allegations are easily sufficient state a claim that Chopra personally accessed Puja's Hotmail Account.

Perhaps Chopra means to argue that the allegations are simply not true. If so, that argument is unavailable to him at this stage because of the well-known rule that a complaint's allegations are accepted as true for purposes of ruling on a motion to dismiss. *Virnich*, 664 F.3d at 212. The Chadhas were not required, in their complaint, to prove that Chopra *must have* accessed Puja's Hotmail Account. Rather, they were only required to allege that he did access the account without authorization. Their allegations are sufficient.

## III. The Chadhas Allege that Chopra Obtained Puja's Emails.

Chopra further argues that "mere access" to Puja's Hotmail Account, even if intentional, is insufficient to state a claim under the SCA. According to Chopra, merely accessing Puja's Hotmail Account does not establish that he "obtain[ed], alter[ed], or

4

prevent[ed] authorized access to a wire or electronic communication," as required by the SCA. 18 U.S.C. § 2701(a); *see also Fischer v. Mount Olive Lutheran Church*, 207 F. Supp. 2d 914, 926 ("accessing plaintiff's Hotmail account intentionally is not enough in and of itself to violate the act"). Chopra is correct that the statute appears to require more than mere intentional unauthorized access to an email account, assuming that it is possible to access an email account without obtaining any of the account's electronic communications. But if a defendant, after accessing the account, "obtains . . . a wire or electronic communication" a violation occurs. *See Fischer*, 207 F. Supp. 2d at 926 ("obtain[ing] plaintiff's email" constitutes a "violation of the act").

The Chadhas, in addition to alleging that Chopra accessed Puja's Hotmail Account, also allege that he "opened and read emails stored in its inbox." Cmplt. ¶ 33. Chadha acknowledges as much by claiming that he is not alleged to have done "anything other than 'access' Puja's *emails*." MTD Br. at 7 (emphasis added). The SCA does not require anything more. By alleging that Chopra opened and read (*i.e.*, obtained) the emails, the Chadhas satisfy the second clause of the statute, which requires that a defendant "obtain[] . . . a wire or electronic communication." 18 U.S.C. § 2701(a). Therefore, Chopra's third argument fails.

### IV. The SCA Count States a Plausible Claim Regardless of Whether the Chadhas Can Show Actual Damages.

Finally, Chopra argues that the Chadhas failed to plead any actual damages incurred as a result of his actions with respect to Puja's Hotmail Account, and he claims that the Chadhas cannot, therefore, obtain statutory damages for his violation. The Chadhas' response to this argument is threefold. First, they assert that the complaint alleges actual damages in the form of the forensic costs the Chadhas incurred in

determining that it was Chopra who was sending the offensive emails. Second, they argue that they are not required to plead actual damages in order to recover statutory damages under the SCA. And third, they note that even if they were required to plead actual damages in order to recover the statutory damage amounts, actual damages are not required in order to recover punitive damages and attorneys' fees.

The Court notes that there is a split of authority as to whether actual damages are required in order to recover statutory damages under the SCA.[3] The SCA contains a damages provision, which states:

> The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court.

18 U.S.C. § 2707(c). Many district courts interpreting this statutory language have not required a showing of actual damages in order to recover statutory damages. *See Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F. Supp. 2d 417, 428 (S.D.N.Y. 2010) (plaintiffs "need not allege actual damages"); *In re Hawaiian Airlines, Inc.*, 355 B.R. 225, 231 (D. Haw. 2006) (plaintiff "does not need to prove actual damages or profits"); *Freedman v. Town of Fairfield*, NO. 3-1048, 2006 WL 2684347, *3 (D.

---

[3] The disagreement stems from differing applications of *Doe v. Chao*, 540 U.S. 614 (2004), a Supreme Court case in which the Court held that statutory damages were available under the Privacy Act, a statute with language similar to the SCA, where the plaintiff could not show that he suffered actual damages. *Id.* at 620. Though the Supreme Court held that the Privacy Act's virtually identical language did require actual damages, it also arguably assumed that the SCA *did not* require actual damages in order to recover statutory damages. *Id.* at 626-27; *see also id.* at 639-40 (Ginsburg, J., dissenting).

Conn. Sep. 19, 2006) (allowing statutory damages without any actual damages); *Cedar Hill Assocs., Inc. v. Paget*, No. 04-557, 2005 WL 3430562, *3 (N.D. Ill. Dec. 9, 2005) (plaintiffs "are not required to [plead actual damages] under a plain reading of the statute or its statutory text"). But the Fourth Circuit, the only federal court of appeals to address the issue, has ruled that actual damages are a prerequisite to recovery of statutory damages. *Van Alstyne v. Electronic Scriptorium, Ltd.*, 560 F.3d 199, 206 (4th Cir. 2009); *see also Maremont v. Susan Fredman Design Group, Ltd.*, No. 10-7811, 2011 WL 6101949, *6 (N.D. Ill. Dec. 7, 2011) (stating in dicta that "proof of 'actual damages' is a prerequisite to recover any such statutory damages").

But for purposes of this motion, the Court does not need to resolve the question whether the Chadhas must allege actual damages in order to recover statutory damages. The federal courts are in agreement that a party can recover punitive damages and attorneys' fees even without proving actual damages. *See, e.g., Van Alstyne*, 560 F.3d at 209 ("proof of actual damages is not required before an award of either punitive damages or attorney's fees"). Because the Chadhas seek both punitive damages[4] and attorneys' fees, Count I survives regardless of whether they can prove actual damages.

Further, the Chadhas' complaint sets forth a plausible basis to believe that they will be able to show actual damages. The Chadhas allege that as a result of Chopra's SCA violation, they incurred actual damages in the form of forensic and computer security expenses to discover that Chopra was the individual who accessed Puja's Hotmail Account and sent the offending emails. Cmplt. ¶ 29; MTD Resp. Br. at 11. They

---

[4] Chopra argues that the Chadhas fail to state a valid claim for punitive damages because they have not established that his conduct was "intentional," but the Court has already rejected that argument in Section I, *supra*.

7

also argue that they suffered actual damages to their reputations due to Chopra's emails, and that the very purpose of Chopra accessing Puja's Hotmail Account was to damage their reputations. Although the Court need not decide at this time whether the Chadhas can prove actual damages caused by Chopra's SCA violation, they have at this point stated a plausible claim for actual damages.

* * *

For all of these reasons, the Court denies Chopra's motion to dismiss.

Date: December 5, 2012

John J. Tharp, Jr.
United States District Judge