Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4204 | **DATE** | 6/11/2013 |
| **CASE TITLE** | Chadha vs. Chopra | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, the plaintiffs' motion to compel [49] is granted in part and denied in part. The plaintiffs' expert may conduct a forensic examination of the defendant's devices, but the plaintiffs are not entitled to an "all files" index of the files located on the devices.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiffs Rajive and Puja Chadha (the "Chadhas") move for an order compelling defendant Paramjit Chopra to allow the Chadhas' retained expert to conduct a forensic examination of Chopra's computers and electronic devices, and to allow the expert to make an index of all files located on the devices.[1]

Chopra does not oppose the Chadhas' request to conduct a forensic examination of his devices generally, but he argues that an "independent third party examiner" should conduct the examination. He claims that he is concerned that if the Chadhas' retained expert conducts the examination, the expert might use discovery obtained in this case for improper purposes, such as to reopen discovery in Chopra's separate divorce case. The Chadhas argue that there are good reasons why their retained expert should conduct the examination. First, they note that deleted files (which the expert will examine) often become fragmented, rendering analysis difficult. An examiner who is familiar with the facts of this case will be more successful at identifying and gathering deleted and fragmented files. Next, the Chadhas argue that they have agreed to pay for the cost of the forensic examination, and that hiring a so-called "neutral" expert to conduct the examination will needlessly drive up their cost of conducting the examination. And finally, the Chadhas note that the parties' agreed protocol will prohibit the expert from using files obtained from Chopra's devices from any improper purpose, obviating Chopra's concern that the documents could be used for improper purposes.

Because requiring an "independent third party examiner" to conduct the examination would needlessly drive up the Chadhas' discovery costs with no corresponding benefit, the

---

[1] The Chadhas' motion originally requested additional relief, but the parties appear to have resolved their other differences.

Chadhas will be allowed to use their retained expert to conduct the forensic examination. Adding an additional "independent" expert to the discovery process would certainly increase costs, as the expert would presumably have to spend time and resources to get up to speed on the facts of this case prior to conducting the forensic examination, and the Chadhas' retained expert would need to devote resources to reviewing the independent expert's work. Further, because the Chadhas would be the party paying the new "independent" expert, it is unclear whether the new expert would be any more independent than the Chadhas' retained expert, who is also being paid by the Chadhas. And finally, the agreed discovery protocols will adequately protect Chopra from the use of his computer files for any improper purpose. If documents from the Chadhas' forensic investigation inappropriately make their way into Chopra's divorce proceeding, he is certainly free to raise the issue with the Court and to request appropriate relief.

However, the Chadhas have not shown that they are entitled to an index of every file contained on Chopra's devices, so their request for the index will be denied. The Chadhas selected search terms to identify relevant documents, and their forensic expert will be allowed to conduct the forensic examination and make subjective decisions regarding the search term "hits." That process should be adequate to identify discoverable documents. Further, because file names are often inscrutable and unhelpful, the proposed all files index is unlikely to provide any benefit to the Chadhas sufficient to outweigh the additional invasion of privacy that Chopra will suffer if the Chadhas or their attorneys have access to the name of every file on his computer, regardless of whether the files appear to relate to this litigation. To understand why allowing the Chadhas to access an all files index would be inappropriate, imagine that Chopra's documents were stored in paper form. The Chadhas would clearly not be entitled to a brief description, equivalent to a file name, of every paper document in Chopra's possession, regardless of whether the document related in any way to this litigation. Likewise, the Chadhas are not entitled to know the file names of every document on Chopra's devices. The Chadhas presumably chose broad search terms that would identify most relevant documents. They are not entitled to an additional "safety net" consisting of an all files index that describes documents that are, from all indications, unrelated to this litigation.

Therefore, the Chadhas' motion is granted in part, and the Chadhas will be allowed to use their own retained expert to conduct the forensic examination. But the motion is also denied in part, and the Chadhas are not entitled to an all files index. The parties are directed to revise their discovery protocol in light of this opinion.

*John J. Tharp Jr.* (signature)

| | Courtroom Deputy Initials: | AIR |
|---|---|---|